NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALONSO PEREZ, AKA Luis Perez, AKA Julio Cesar Rodriguez Lopez,<br><br>            Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>            Respondent. | No.   16-73191<br><br>Agency No. A094-799-670<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026[**]
Pasadena, California

Before:  FRIEDLAND and MILLER, Circuit Judges, and TRAUM,[***] District Judge;
Partial Concurrence and Concurrence in the Judgment by Judge Miller.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Anne R. Traum, United States District Judge for the District of Nevada, sitting by designation.

Petitioner Luis Alonso Perez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ's") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Although the BIA faulted Perez for making only a general assertion of error rather than identifying any specific aspects of the IJ's adverse credibility analysis that he was challenging, the BIA affirmed the IJ's holding on credibility on the merits. On appeal, Perez's counsel merely argued that Perez testified credibly and should have been found to have established a well-founded fear of persecution and repeated the same facts from his initial application. Our precedent is "quite clear," however, "that claims addressed on the merits by the BIA are exhausted." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). When the BIA concluded that Perez did not meet his burden to establish clear error, it decided his claims on the merits, even if Perez did not specifically address each of the IJ's factual findings on credibility. *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) ("If an alien raises an issue to the IJ, and the BIA elects to consider it on its substantive merits despite a procedural default by the alien, the alien is deemed to have exhausted the claim." (citation modified)).

"We review the agency's factual findings, including credibility determinations, for substantial evidence." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022). In assessing an adverse credibility determination, we look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's adverse credibility determination based on Perez's internally inconsistent testimony regarding why he was threatened and who he worked for. These inconsistencies, taken together, left the IJ "not knowing what to believe," so the IJ denied his application. In particular, the IJ identified inconsistencies in Perez's testimony about the source of harm he feared. It was not clear to the IJ whether the mayor of San Salvador, the president of a local association of street vendors, gang members acting in concert with one or both of the mayor or president, or other, unaffiliated gang members were threatening Perez, and for what reason. This was coupled with a discrepancy regarding Perez's employment status in the months leading up to his departure to the United States. The IJ was "permitted to afford substantial weight" to these inconsistencies, which bore directly on Perez's claim of persecution. *Rodriguez-*

16-73191

*Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021). These inconsistencies were "specific and cogent" reasons for the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

It appears the agency relied on an inconsistency to determine Perez's credibility without giving him the opportunity to clarify his employment history during the hearing. "If the IJ relies upon purported inconsistencies to make an adverse credibility determination, the IJ must provide the noncitizen with an opportunity to explain each inconsistency." *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022). Perez did not clarify this inconsistency in his brief to the BIA or this Court, however, and even without this piece of evidence, the totality of the circumstances would not compel a reasonable adjudicator to conclude differently. *Alam*, 11 F.4th at 1135.

Viewing the record as a whole does not compel us to reverse the IJ's credibility determination. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (upholding agency's adverse credibility determination even though some of its credibility findings were not supported by substantial evidence). In the absence of credible testimony, Perez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Perez's brief to this Court did not meaningfully challenge the BIA's determination that he forfeited his challenge to the IJ's denial of CAT protection.

16-73191

*See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Similarly, Perez's brief did not meaningfully challenge the BIA's determination that the IJ did not violate his due process rights by permitting him to proceed without an attorney. Accordingly, we do not consider those arguments.

**PETITION DENIED.**

*Perez v. Blanche*, No. 16-73191

MILLER, Circuit Judge, concurring in part and concurring in the judgment:

I agree that the petition for review should be denied, but rather than address Perez's challenge to the adverse credibility finding on the merits, I would hold that he did not exhaust his challenge.

Under 8 U.S.C. § 1252(d)(1), we may review only those claims that a petitioner has properly exhausted before the agency. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). A petitioner "cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). A petitioner exhausts an issue if his argument puts the Board "on notice" such that it has "an opportunity to pass on the issue." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam).

Perez's brief before the Board contained a single sentence asserting that "he did testify credibly," but he did not address any of the inconsistencies in his testimony that he now argues were insufficient to support the immigration judge's adverse credibility determination. Because his brief did not "apprise the BIA of the particular basis for [his] claim that the IJ erred" or "meaningfully challenge the IJ's decision on appeal," *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016), *abrogated in*

1

*part on other grounds by Santos-Zacaria*, 598 U.S. 411, he did not exhaust the claim he now advances in his petition for review.

If the Board had affirmed the immigration judge's determination on the merits, that would have satisfied the exhaustion requirement. *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011). But the Board did not do so. To the contrary, it observed that Perez failed to "contest on appeal any aspect of the Immigration Judge's credibility assessment" and failed to "explain how or why the Immigration Judge's adverse credibility determination is clearly erroneous." The Board then found that Perez had not shown that the adverse credibility finding was clearly erroneous because his "general assertion that the Immigration Judge 'committed error' in finding him incredible" was insufficient to meet that burden. Because the Board did not consider the arguments Perez now advances—and never had an opportunity to do so—we should not consider them either.